1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10  PATRICK D. KELLEY, JR.,          ) 1:11-cv—00870-SKO-HC
                                     )
11               Petitioner,         ) ORDER DISMISSING PETITION FOR
                                     ) WRIT OF HABEAS CORPUS
12                                   )
        v.                           ) ORDER DECLINING TO ISSUE A
13                                   ) CERTIFICATE OF APPEALABILITY
    CDCR, WASCO STATE PRISON,        )
14                                   ) ORDER DIRECTING THE CLERK TO
                 Respondent.         ) CLOSE THE CASE AND TO MAIL A
15                                   ) CIVIL RIGHTS FORM TO PETITIONER
    _____  )

16

17       Petitioner is a state prisoner proceeding pro se and in

18  forma pauperis with a petition for writ of habeas corpus pursuant

19  to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1),

20  Petitioner has consented to the jurisdiction of the United States

21  Magistrate Judge to conduct all further proceedings in the case,

22  including the entry of final judgment, by manifesting consent in

23  a signed writing filed by Petitioner on June 7, 2011 (doc. 5).

24  Pending before the Court is the petition, which was filed on May

25  31, 2011.

26       I. Screening the Petition

27       Rule 4 of the Rules Governing § 2254 Cases in the United

28  States District Courts (Habeas Rules) requires the Court to make

1

1   a preliminary review of each petition for writ of habeas corpus.

2   The Court must summarily dismiss a petition "[i]f it plainly

3   appears from the petition and any attached exhibits that the

4   petitioner is not entitled to relief in the district court...."

5   Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.

6   1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.

7   1990).   Habeas Rule 2(c) requires that a petition 1) specify all

8   grounds of relief available to the Petitioner; 2) state the facts

9   supporting each ground; and 3) state the relief requested.

10  Notice pleading is not sufficient; rather, the petition must

11  state facts that point to a real possibility of constitutional

12  error.   Habeas Rule 4, Adv. Comm. Notes, 1976 Adoption; O'Bremski

13  v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431

14  U.S. 63, 75 n. 7 (1977)).

15      Further, the Court may dismiss a petition for writ of habeas

16  corpus either on its own motion under Rule 4, pursuant to the

17  respondent's motion to dismiss, or after an answer to the

18  petition has been filed.   Advisory Committee Notes to Habeas Rule

19  8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43

20  (9th Cir. 2001).

21      II. Conditions of Confinement

22      Because the petition was filed after April 24, 1996, the

23  effective date of the Antiterrorism and Effective Death Penalty

24  Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh

25  v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008

26  (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

27      A district court may entertain a petition for a writ of

28  habeas corpus by a person in custody pursuant to the judgment of

1   a state court only on the ground that the custody is in violation

2   of the Constitution, laws, or treaties of the United States. 28

3   U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362,

4   375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13,

5   16 (2010) (per curiam).  A habeas corpus petition is the correct

6   method for a prisoner to challenge the legality or duration of

7   his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)

8   (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973));

9   Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

10        In contrast, a civil rights action pursuant to 42 U.S.C. §

11  1983 is the proper method for a prisoner to challenge the

12  conditions of that confinement.  McCarthy v. Bronson, 500 U.S.

13  136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at

14  574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

15        In this case, Petitioner alleges that he is an inmate of the

16  Wasco State Prison at Wasco, California.  Petitioner's claim

17  concerns his housing assignment, which he contests because due to

18  previous murders of homosexual inmates, he does not feel safe

19  unless he is housed with another inmate who shares an alternative

20  lifestyle.

21        Petitioner's allegations concern only the conditions of his

22  confinement.  Petitioner does not allege facts that point to a

23  real possibility of constitutional error that affects the

24  legality or duration of his confinement.  Thus, Petitioner is not

25  entitled to habeas corpus relief, and this petition must be

26  dismissed.

27        Should Petitioner wish to pursue his claims, he must do so

28  by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

3

1  The Clerk will be directed to send an appropriate form complaint

2  to Petitioner.

3         III. <u>Certificate of Appealability</u>

4         Unless a circuit justice or judge issues a certificate of

5  appealability, an appeal may not be taken to the court of appeals

6  from the final order in a habeas proceeding in which the

7  detention complained of arises out of process issued by a state

8  court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537

9  U.S. 322, 336 (2003).  A certificate of appealability may issue

10 only if the applicant makes a substantial showing of the denial

11 of a constitutional right.  § 2253(c)(2).  Under this standard, a

12 petitioner must show that reasonable jurists could debate whether

13 the petition should have been resolved in a different manner or

14 that the issues presented were adequate to deserve encouragement

15 to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336

16 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A

17 certificate should issue if the Petitioner shows that jurists of

18 reason would find it debatable whether the petition states a

19 valid claim of the denial of a constitutional right or that

20 jurists of reason would find it debatable whether the district

21 court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>,

22 529 U.S. 473, 483-84 (2000).

23        In determining this issue, a court conducts an overview of

24 the claims in the habeas petition, generally assesses their

25 merits, and determines whether the resolution was debatable among

26 jurists of reason or wrong.  <u>Id.</u>  It is necessary for an

27 applicant to show more than an absence of frivolity or the

28 existence of mere good faith; however, it is not necessary for an

4

1   applicant to show that the appeal will succeed.  <u>Miller-El v.</u>

2   <u>Cockrell</u>, 537 U.S. at 338.

3        A district court must issue or deny a certificate of

4   appealability when it enters a final order adverse to the

5   applicant.  Habeas Rule 11(a).

6        Here, because Petitioner's claims relate only to conditions

7   of confinement, jurists of reason would not find it debatable

8   whether the Court was correct in its ruling.  Accordingly,

9   Petitioner has not made a substantial showing of the denial of a

10  constitutional right, and the Court will decline to issue a

11  certificate of appealability.

12       IV. <u>Disposition</u>

13       Accordingly, it is ORDERED that:

14       1) The petition for writ of habeas corpus is DISMISSED

15  without prejudice to Petitioner's right to file a civil rights

16  action pursuant to 28 U.S.C. § 1983; and

17       2) The Clerk of Court is DIRECTED to close the case because

18  this order terminates the action in its entirety; and

19       3) The Court DECLINES to issue a certificate of

20  appealability; and

21       4) The Clerk is DIRECTED to mail to Petitioner a form for

22  filing a civil rights complaint pursuant to 42 U.S.C. § 1983 by a

23  person in custody.

24

25  IT IS SO ORDERED.

26  **Dated:   June 22, 2011**                **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE

27

28